# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>H. GAMBOA and R. ROQUE,<br><br>Defendants. | **Case No. 1:17-cv-00302-DAD-EPG (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE CASE PROCEED AGAINST DEFENDANTS H. GAMBOA AND R. ROQUE ON FIRST AMENDMENT RETALIATION CLAIM AND RELATED STATE CLAIMS AND DISMISSAL OF REMAINING CLAIMS**<br><br>(ECF No. 1)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Jesse Washington is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's Complaint on April 28, 2017. (ECF No. 9.) In its screening order, the Court found at least one cognizable claim and gave Plaintiff the option of: (1) proceeding only on his cognizable claims; (2) filing an amended complaint; or (3) standing on his Complaint, subject to findings and recommendations consistent with the Court's screening order. On May 12, 2017, Plaintiff filed notice informing the Court that he would like to stand on his Complaint. (ECF No. 10.) He also requests that the Court consider whether the Complaint states an additional claim under 42 U.S.C. § 1985(3) against the two defendants. Aside from a claim for retaliation (which the Court found was cognizable) and a § 1985(3) claim for conspiracy (which the Court has not yet evaluated), Plaintiff "gives Court consent to dismiss all other claims." (ECF No. 10.) Accordingly, the Court

1

will now screen Plaintiff's Complaint.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, *quoting Twombly*, 550 U.S. at 570. The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

While Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"), Plaintiff reached an agreement with the prison to allow Plaintiff to possess an extra Timex watch above the one personal watch allotment, as well as two CDs above the ten CD allotment.

2

1 | On May 5, 2015, Plaintiff filed a grievance appeal against Officers H. Flores and S.
2 | Longoria for refusing to document the additional Timex watch and CDs, along with a set of
3 | additional headphones, on Plaintiff's property card. Plaintiff also had a dispute regarding
4 | property resulting from correctional officer Zamora spitting into Plaintiff's personal drinking cup
5 | during another cell search.

6 | Defendant Gamboa conducted a first level property appeal interview with Plaintiff on
7 | May 29, 2015 and denied Plaintiff relief. Plaintiff told Defendant Gamboa that he intended to
8 | pursue a property appeal in small claims court if he needed to do so.

9 | Plaintiff submitted the property appeal to the second level and it was denied. On March
10 | 4, 2016, Plaintiff received the property appeal from the Director's level review, indicating that
11 | the Appeals Coordinator would provide Plaintiff with an additional response and, if he was not
12 | satisfied, return the appeal to the Director's level for final response.

13 | Defendant Gamboa was assigned to investigate the property appeal. Defendant Gamboa
14 | displayed hostility and anger toward Plaintiff and told Plaintiff that he should not have sent the
15 | property appeal log to the Director's level for review.

16 | On March 14, 2016, Defendants Gamboa and Roque conducted a search of Plaintiff's
17 | cell. During the search, they took eight CDs and one legal mail priority box. They left
18 | Plaintiff's legal property in disarray.

19 | When Plaintiff returned from his work shift, he confronted Defendants Gamboa and
20 | Roque about the search. Defendant Gamboa told Plaintiff that "he got what was coming" and
21 | should not have returned the property appeal log to the Director's office for third level review.

22 | Also, on March 14, 2016, Plaintiff alleges that Defendants Gamboa and Roque falsified a
23 | CDCR-128-B Informational Chrono when they indicated that Plaintiff refused to sign the
24 | authorization to allow them to mail Plaintiff's confiscated personal property home at his own
25 | expense.

### III. RETALIATION

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104

(9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint states a cause of action for retaliation in violation of the First Amendment against Defendants Gamboa and Roque based on their cell search, which included the taking of property from Plaintiff, as well as the alleged falsification of documents. Plaintiff has alleged facts that, liberally construed in his favor, could show that Defendants' actions were done in retaliation for Plaintiff's filing of grievances and to chill Plaintiff's actions.

### IV. DUE PROCESS

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).

Plaintiff's allegations that Defendants intentionally took Plaintiff's property during the cell search does not set forth a constitutional violation because it was random and unauthorized and there is an adequate post-deprivation remedy through the prison procedures and state tort law. *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 792 (9th Cir. 1986) ("The usual rule has been '[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate.'"), *quoting Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 611 (1974).

## V. EQUAL PROTECTION

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. Calif. Dept. of Corrs. and Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, *Hartmann*, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601–02 (2008). An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264–66 (1977).

Although Plaintiff asserts that Defendants acted against him on the basis of his race, Plaintiff has failed to allege any facts supporting this conclusion. Instead, Plaintiff has alleged facts indicating that the cell search and document fabrication was done because Plaintiff pursued a property appeal. Nor has Plaintiff demonstrated that he was treated differently than any similarly situated individuals. Plaintiff has not plausibly alleged a claim under the Equal Protection Clause.

## VI. 42 U.S.C. § 1985(3)

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gilliespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980), *citing Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy

1 without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

As explained above, the Complaint does not allege facts supporting a claim that Defendants' actions were motivated by racial or other discriminatory animus. Nor does it demonstrate that Defendants were engaged in any kind of conspiracy based on that animus. The Complaint does not even state a claim that Defendants intentionally discriminated against Plaintiff on the basis of any protected class, which is an element of this separate claim.

## VII. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states a cognizable claim for retaliation in violation of the First Amendment against Defendants H. Gamboa and R. Roque. The Court will also exercise supplemental jurisdiction over state law claims asserted against these defendants in relation to the deprivation of property during the cell search. The Court finds that the complaint states no other cognizable claims, including any claim under 42 U.S.C. § 1985(3), against these defendants or against any other defendant. Plaintiff has stated that he would like to dismiss any other claims. (ECF No. 10.)

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. This action proceed only against Defendants H. Gamboa and R. Roque on Plaintiff's claim for retaliation in violation of the First Amendment and related state claims; and,

2. All remaining claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 17, 2017**     /s/ Errin P. Gros
                             UNITED STATES MAGISTRATE JUDGE