# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. GAMBOA and R. ROQUE,<br><br>　　　　Defendants. | Case No. 1:17-cv-00302-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED**<br><br>(ECF No. 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　BACKGROUND**

Jesse Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds against Defendants H. Gamboa and R. Roque on Plaintiff's claims for retaliation in violation of the First Amendment and state law claims for deprivation of property. (ECF Nos. 11, 13).

On March 8, 2018, Defendants filed a motion for judgment on the pleading as to any and all state law claims asserted in the Complaint. (ECF No. 33). Defendants contend that Plaintiff failed to comply with the mandatory claims presentation requirement contained in California Government Code § 900 *et seq.* before commencing the action on March 3, 2017. On March 23, 2018, Plaintiff filed a statement of non-opposition to Defendants' motion. (ECF No. 35).

**II.　LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A

Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008). A court evaluating a Rule 12(c) motion must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009)).

## III. DISCUSSION

In his Complaint, Plaintiff alleges that on March 14, 2016, H. Gamboa and R. Roque conducted a search of his cell, took eight CDs and one legal mail priority box, and left his legal property in disarray. (ECF No. 1 at 8-9).

Defendants contend that the state law claims must be dismissed because Plaintiff did not timely present a claim for money or damages with the California Victim Compensation and Government Claims Board, and does not allege compliance with the requirement to do so.

The California state legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, *et seq.* A tort claim against the state or state employees must be presented to the California Victim Compensation and Government Claims Board no later than six months after the cause of action accrues. Cal. Govt. Code §§ 910, 911.2, 945.4, 950, 950.2.; *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988). Conditions precedent to suit against a public employee include presentation of a written claim and action on or rejection of the claim and alleging compliance with the Government Claims Act. "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement" or be "subject to a general demurrer for failure to state facts sufficient to constitute a cause of action," *State v. Superior Court (Bodde)*, 32 Cal.4th at 1243.

1 | Here, Plaintiff does not allege compliance with the Government Claims Act in his
2 | Complaint. Moreover, Plaintiff has filed a statement of non-opposition to the instant motion.
3 | According, the Court recommends that Defendants' motion for judgment on the pleadings as to
4 | all state law claims be granted in its entirety.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings, (ECF No. 33), be granted, and the state law claims alleged in this action be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2018**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE