UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | No. 1:17-cv-00302-LJO-EPG |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S EX PARTE REQUESTS FOR COURT LEAVE TO EXTEND DISCOVERY** |
| H. GAMBOA, et al., | |
| Defendants. | (ECF No. 55) |

Plaintiff, Jesse Washington, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has before it Plaintiff's *ex parte* request to extend discovery, which was filed on September 6, 2019. (ECF No. 55.) Plaintiff's request to reopen discovery is denied.

The deadline for the parties to submit written discovery requests was April 13, 2018, and the deadline for non-expert discovery was September 28, 2018. (ECF No. 31.) Thus, the deadline for Plaintiff to seek discovery has passed.

To reopen discovery, Plaintiff must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (courts will modify dates set forth in a scheduling order only upon a showing of good cause, with the focus of the good cause

1

inquiry on the diligence of the moving party); *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery). In determining whether good cause exists for reopening discovery, the Court may consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997). However, the good cause inquiry "primarily considers the diligence of the party seeking" to reopen discovery. *Johnson*, 975 F.2d at 609. If the moving party did not act diligently, the court's "inquiry should end." *Id.*

Here, Plaintiff seeks to reopen discovery so that he can seek discovery of Defendants' "personnel files pertaining to misconduct within the past five (5) years." (ECF No. 55.) Plaintiff explains that his request is based on the passage of Senate Bill 1421 (SB 1421), which amended California Government Code Section 832.7 to allow increased public access to peace officer personnel records.[1] Plaintiff contends that the credibility of Defendants "will be a key issue at trial," pointing out that Plaintiff is an incarcerated prisoner and Defendants are correctional officers who Plaintiff alleges retaliated against him.

Looking first to Plaintiff's diligence in conducting discovery, Plaintiff has not indicated that he previously made a discovery request seeking access to Defendants' personnel files, or that any such request was rejected by Defendants under California Government Code Section 832.7. Plaintiff has not, therefore, demonstrated that he exercised diligence in seeking this discovery prior to the discovery deadline.

Although lack of diligence is, alone, a sufficient basis for denying Plaintiff's motion to reopen, *see Johnson*, 975 F.2d at 609, the Court also notes that the trial in this case is scheduled for November 19, 2019, with a settlement conference scheduled for October 17, 2019, and a

---

[1] The effective date for this amendment was January 1, 2019.

2

pretrial conference scheduled for October 21, 2019. Thus, the trial in this case is imminent.

Finally, the Court notes that the additional discovery Plaintiff seeks to obtain does not appear to directly relate to the incident at issue in the case—the alleged retaliatory conduct of Defendants. Thus, the relevance and importance of the additional discovery is not immediately apparent to the Court.

The Court finds that Plaintiff has failed to demonstrate good cause for reopening discovery. Accordingly, Plaintiff's request to reopen discovery in order to seek Defendants' personnel files (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated: **September 10, 2019**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE