UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | Case No. 1:17-cv-00302-LJO-EPG (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES |
| v. | |
| H. GAMBOA, and R. ROQUE | (ECF No. 52) |
| Defendants. | |

Plaintiff, Jesse Washington, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against defendants H. Gamboa and R. Roque for retaliation in violation of the First Amendment. (ECF Nos. 1, 9, 11, 13, 36, 38, 49, 58.) The trial in this case is set for November 19, 2019, at 1:00 p.m. (ECF No. 43.)

Plaintiff has filed a motion for attendance of incarcerated witnesses and supporting declarations. (ECF No. 52.) Defendants have filed an opposition to the motion (ECF No. 61), and Plaintiff has filed a reply to Defendants' opposition (ECF No. 66).

Plaintiff seeks to bring two inmate witnesses to trial: (1) Reginal Bunn; and (2) Tony Scully.[1] (ECF No. 52.) Defendants object to the attendance of both witnesses. (ECF No. 61.)

For the reasons described below, the Court finds that Mr. Bunn and Mr. Scully should

---

[1] Plaintiff also requests that he be allowed to utilize the statement of another inmate, inmate Thompson, "only as rebuttal and impeachment purposes against Defendant Roque in a previous filed lawsuit in 2016." (ECF No. 52 at 5.) Plaintiff does not, however, request that this witness testify at trial. Further, Plaintiff has not provided sufficient information to demonstrate that this witness's testimony is relevant and that his attendance at trial is warranted.

1

be brought to testify at the upcoming trial.

**I. DISCUSSION**

    A. <u>Untimely Motion</u>

Defendants object that Plaintiff's motion for attendance of incarcerated witnesses is untimely. (ECF No. 61 at 2.) Plaintiff concedes that his motion is untimely but seeks leave of the Court for the late filing and claims that the lateness was due to excusable neglect, citing a modified program at Plaintiff's current place of confinement, and difficulties with access to the law library and obtaining photo copies. (ECF Nos. 52, 66.)

The deadline for Plaintiff to file his motion for attendance of incarcerated witnesses was July 12, 2019. (ECF No. 43.) Plaintiff did not file his motion until August 30, 2019. Plaintiff provides a limited explanation for the lateness of his filing. (ECF Nos. 52, 66.) He also previously explained in greater detail the circumstances that resulted in the delayed filing of Plaintiff's pretrial statement. (*See* ECF No. 54.) The Court granted Plaintiff's request to accept a late-filed pretrial statement, given the time remaining before trial, but questioned whether the conditions cited by Plaintiff actually caused Plaintiff's delay. (ECF No. 59.) Although the Court again questions whether the conditions at Plaintiff's institution of confinement have actually caused Plaintiff's delay in filing the motion for attendance of incarcerated witnesses, the Court will grant Plaintiff's request to accept the late filing in light of the time remaining before trial.[2]

    B. <u>Cost -Benefit Analyses of Attendance of Witnesses</u>

The court has discretion on whether to issue a writ of habeas corpus ad testificandum. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994); *Cummings v. Adams*, 2006 WL 449095, at *3 (E.D. Cal. Feb. 17, 2006) ("The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court.").

The Court has conducted cost-benefit analyses regarding whether the inmates should

---

[2] The Court also notes that, in the initial scheduling order, the deadline for filing motions for the attendance of incarcerated witnesses was set for September 3, 2019. (ECF No. 31 at 8.) This deadline was, however, subsequently advanced to July 12, 2019, when the Court accelerated the trial date in this case (*See* ECF No. 43).

2

come to court, and has determined that Mr. Bunn and Mr. Scully should come to court to testify. *See Cummings*, 2006 WL 449095, at *3; *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (setting out factors to consider in determining whether to issue a writ to bring a state prisoner witness into federal court: (1) whether the inmate's presence will substantially further the resolution of the case; (2) the security risks presented by the inmate's presence; (3) the expense of the prisoner's transportation and safekeeping, and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted).

       *1. Witness Bunn*

Defendants contend that Mr. Bunn should not be brought to trial to testify because his testimony will not substantially further resolution of this case. Defendants argue that Mr. Bunn's declaration does not establish "that Plaintiff did not, in fact, possess more CDs than those he had seen or of which he is aware," and that Plaintiff's testimony would be the best evidence of the number of CDs that he possessed. (ECF No. 61 at 4-5.) Defendants therefore assert that the inconvenience and expense of transporting Mr. Bunn to court for trial outweighs any benefit he could provide.

The Court disagrees. Mr. Bunn states in his declaration that he will willingly testify at the trial as to the following: he was a cellmate of Plaintiff's at the time of the alleged incidents and he saw and heard Defendants' search of the cell, including the demeanor of Defendants before the search and Defendants' throwing of property items around the cell during the search; he saw Defendants exiting the cell and the items that Defendants took with them; and he saw the condition of the cell following the search. (ECF No. 52 at 8.) Mr. Bunn states he also witnessed Plaintiff's return to the cell; he witnessed Plaintiff's request to unit floor officers to be released to the program office to talk with Defendants about the cell search and confiscation of Plaintiff's property; and that he witnessed that Plaintiff was released to do so. (*Id.* at 8-9.) Finally, Mr. Bunn states that he was familiar with and personally listened to all of Plaintiff's musical CDs, and that during the time Plaintiff was confined at CSP-COR, Mr. Bunn never saw Plaintiff with, and Plaintiff was not known to possess, more than fifteen musical CDs. (*Id.* at 9.)

As to whether Plaintiff would be the best witness to testify regarding the number of

CDs he possessed, the number of CDs Plaintiff possessed is a disputed fact in this case, and thus, Mr. Bunn's testimony on this, as well as the other issues on which he indicates he will testify, is relevant and will substantially further the resolution of this case.

The Court notes, however, that it is only determining that Mr. Bunn should be brought to Court to testify because his testimony is sufficiently relevant to warrant the cost. The Court is not precluding objections to his testimony, which is a question to be addressed either in motions *in limine* or at trial.

2. *Witness Scully*

Defendants contend that Mr. Scully's testimony will not substantially further resolution of this case. Specifically, Defendants contend that Plaintiff has not established that Mr. Scully has actual knowledge on the issue for which Plaintiff seeks to have Mr. Scully testify—the statements made by Defendant Gamboa to Plaintiff following the search of Plaintiff's cell and the confiscation of Plaintiff's property.

Plaintiff represents that Mr. Scully has confirmed to Plaintiff that he is willing to testify at trial and will testify to the following: during the relevant time, Mr. Scully was housed on the bottom tier in a cell that was below and one cell over from Plaintiff's and Mr. Bunn's cell; Mr. Scully witnessed Defendant Gamboa's negative attitude toward Plaintiff when Plaintiff approached Gamboa following the search of Plaintiff's cell and the confiscation of Plaintiff's property; and Mr. Scully specifically heard Gamboa tell Plaintiff that Plaintiff should not have sent the appeal to the Director's Level Review, and that Plaintiff had nothing coming and got what he deserved. (ECF No. 52 at 4-5.) The Court finds the declaration of Plaintiff to be sufficient to represent Mr. Scully's proposed testimony. The Court also finds that this testimony is relevant and will substantially further the resolution of this case.

Defendants also object to Mr. Scully as a witness, arguing that Plaintiff is seeking to have Mr. Scully testify at trial regarding a subject on which Mr. Scully was not disclosed in the initial disclosures. Defendant concedes that Plaintiff identified Mr. Scully in supplemental disclosures, which were filed with the Court at ECF No. 25, and disclosed the following: "Inmate Scully (# ) was assigned to 3Aod-141 on March 14, 2016, and witnessed the actions of

Defendants when conducting the retaliatory cell search of Plaintiff's cell #3Aod-242." (ECF No. 25.) Defendants contend, however, that because this disclosure did not identify Scully as a witness who heard Gamboa's alleged statement to Plaintiff following the search and confiscation of property, Plaintiff should be foreclosed from using Mr. Scully as a witness. (ECF No. 61.) Plaintiff responds that Mr. Scully is listed in Plaintiff's pretrial statement and declaration in support of pretrial statement as having personal knowledge of Defendant Gamboa's statement. (ECF No. 66.)

The Court notes that it is only determining here that Mr. Scully should be brought to Court to testify because his testimony is sufficiently relevant to warrant the cost. The Court is not precluding objections to his testimony, which is a question to be addressed either in motions *in limine* or at trial.

## II. CONCLUSION AND ORDER

After conducting the cost-benefit analyses, the Court finds that Mr. Bunn and Mr. Scully should be brought to testify at the upcoming trial. Accordingly, IT IS ORDERED that Plaintiff's motion for the attendance of witnesses is GRANTED.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum to have Mr. Bunn and Mr. Scully brought to the court to testify at the trial.

IT IS SO ORDERED.

Dated: **October 7, 2019**    /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE